UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRENT A. CUMMINGS,

        Plaintiff,

v.                                                  Case No. 09-C-502

UNITED STATES POSTAL SERVICE,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

On May 5, 5009, pro se plaintiff Trent A. Cummings brought a civil action in Brown County Circuit Court against the United States Postal Service ("USPS"). Cummings alleges that he was denied employment due to harassment and discrimination and seeks damages for lost wages for one year of employment in the amount of $5,000. Defendant removed this matter on May 18, 2009 pursuant to 39 U.S.C. § 409(a) and 28 U.S.C §§ 1441(a) and 1442(a). This matter is before me on defendant's motion to dismiss. Defendant maintains that this action must be dismissed for Cumming's failure to name the Postmaster General as defendant and his failure to exhaust his administrative remedies. As Cummings has failed to respond to the motion within the time allowed by Civil L.R. 7.1(b), I now address the motion, which will be granted for the reasons stated below.

In reviewing the plaintiff's complaint with regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th

Cir. 1997). A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court over the subject matter related in the complaint. A motion to dismiss under Rule 12(b)(6), on the other hand, challenges the sufficiency of the complaint to state a claim upon which relief can be granted. In this connection, a complaint has "two easy-to-clear hurdles" to state a claim in federal court:

> First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

### Exhaustion of Administrative Remedies

Defendant contends that Cummings fails to state a claim upon which relief may be granted as he did not exhaust his administrative remedies before filing his discrimination suit. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Services Admin.*, 425 U.S. 820, 835 (1976). Before a plaintiff can bring a suit against an agency of the United States in district court for discrimination he must exhaust his administrative remedies. 42 U.S.C. § 2000e-16(c); *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). To begin the process of administrative review, an applicant for a federal job who alleges unlawful discrimination must contact an Equal Opportunity Employment ("EEO") counselor within 45 days of the alleged incident of discrimination. 29 C.F.R. § 1614.105(a).

There is nothing in the complaint that indicates whether Cummings has exhausted his administrative remedies. Defendant has attached to its brief in support of the motion a declaration from Arthur G. Roxas, a paralegal specialist of the USPS. Roxas claims that he has access to a database containing records of all EEO complaints filed against the USPS in Wisconsin and that as of June 26, 2009 there was no record of Cummings ever having made a formal EEO complaint against the USPS. (Roxas Decl. ¶ 2.) This presents the question of whether the Court may properly consider this information without converting the motion to dismiss under Rule 12(b)(6) into one for summary judgment under Rule 56.

Courts may take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (citations omitted); *see also Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment."). While Equal Employment Opportunity Commission ("EEOC") charges themselves are a matter of public record, *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002), it does not follow that a declaration from an agency's employee that no EEO complaint was filed is itself a public record.

Defendant also contends that the Court may "look beyond the jurisdictional allegations of the complaint to view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (Def.'s Br. at 4.) (citing *Calderon v. United States*, 123 F.3d 947, 951 n.2 (7th Cir. 1997)). Failure to exhaust a Title VII claim, however, is not a jurisdictional flaw but a precondition to bringing an action in federal court. *Gibson v. West*, 201 F.3d 990, 993

3

(7th Cir. 2000). Thus, I conclude that as the question of exhaustion is not jurisdictional in nature, I cannot consider the declaration without converting the motion into one for summary judgment. As I decline to convert the motion into a motion for summary judgment, which would needlessly delay these proceedings, I will exclude the declaration from consideration on the motion. *See* Fed. R. Civ. P. 12(d). This does not means that Cummings is out of the woods, however, as there remains defendant's jurisdictional challenge regarding his failure to name the correct party.

**Failure to Name the Proper Defendant**

Cummings listed the defendant in his complaint as "United States Postal Service, c/o Tim Lewis, Postmaster, Green Bay, Wisconsin." Defendant asserts that Cummings has named the wrong defendant, as an action for discrimination under Title VII against the USPS must be brought against the Postmaster General in his official capacity. 42 U.S.C. § 2000e-16(c); *Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986) ("It is well-settled in this circuit that, in a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the agency-the Postmaster General.") Failure to name the head of the USPS as defendant is a ground for dismissal. *McGuinness v. United States Postal Service*, 744 F.2d 1318, 1323 (7th Cir. 1984). Thus, as Cummings has failed to name the Postmaster General as required by Title VII, his claim will be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction.

While Cummings could have moved to amend his complaint to name the proper defendant once alerted of this defect by the defendant's motion to dismiss, he has not. Further, as the defendant contends, it is likely that even if Cummings cured the jurisdictional defect, this matter would ultimately be subject to dismissal for failure to exhaust administrative remedies, making any

4

5

amendment futile. Thus, as Cummings failed to name the proper party as required by Title VII, defendant's motion is **GRANTED** and this matter is **DISMISSED** under Rule 12(b)(1) for a lack of subject matter jurisdiction.

      **SO ORDERED** this __30th__ day of July, 2009.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
